Filed 8/11/23  P. v. James CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

KATHEY LYNN JAMES,

    Defendant and Appellant.

E080318

(Super. Ct. No. CR66667)

OPINION

APPEAL from the Superior Court of Riverside County.  John M. Monterosso, Judge.  Affirmed.

Kathey Lynn James, in pro. per.; and Michael Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

I.

INTRODUCTION

This is defendant and appellant Kathey Lynn James second appeal from a postjudgment order denying her Penal Code[1] section 1172.6 (formerly section 1170.95)[2] petition for resentencing under the procedures established by Senate Bill Nos. 775 and 1437.[3] Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has done so raising multiple issues concerning her trial and the denial of her petitions. Having considered defendant's supplemental brief in accordance with *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we shall affirm.

---

[1] All future statutory references are to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no substantive change in text. (Stats. 2022, ch. 58, § 10.) We cite to section 1172.6 for ease of reference unless otherwise indicated.

[3] Defendant had appealed in 2020 from the denial of her first section 1172.6 petition for resentencing. (See *People v. James* (Oct. 1, 2020, No. E074665) [nonpub. opn.] (*James II*).)

## II.

## FACTUAL AND PROCEDURAL BACKGROUND[4]

On December 26, 1995, while defendant was manufacturing methamphetamine, one of the volatile chemicals she was using in the process caught on fire. A conflagration followed in which her home was destroyed and three of her four minor children were killed. Defendant escaped through the window of the front bathroom. Her oldest son also escaped through a window. (*James I*, *supra*, 62 Cal.App.4th at pp. 250-257.)

A jury found defendant guilty on three counts of second degree murder (§ 187, subd. (a)), one count of manufacturing methamphetamine (Health & Saf. Code, § 11379.6, subd. (a)), and one count of conspiracy to manufacture methamphetamine (§ 182). The jury expressly based each of the murder verdicts on both implied malice and second degree felony murder. Defendant was sentenced to 45 years to life in prison. (*James I*, *supra*, 62 Cal.App.4th at p. 250.)

After defendant appealed from the judgment, on March 12, 1998, in the published portion of the opinion, we held that: (1) manufacturing methamphetamine is inherently dangerous to human life and can serve as an underlying felony for the charge of second degree felony murder; (2) instruction on methamphetamine manufacturing as an inherently dangerous felony did not violate defendant's constitutional rights; (3) holding that manufacturing methamphetamine is an inherently dangerous felony could be applied

---

[4] A summary of the factual background is taken from this court's partially published opinion in defendant's direct prior appeal, case No. E019765. (*People v. James* (1998) 62 Cal.App.4th 244 (*James I*).)

retroactively; and (4) there was substantial evidence defendant acted with implied malice. (*James I*, *supra*, 62 Cal.App.4th 244.)

Following the passage of Senate Bill No. 1437, which amended the felony-murder rule and the natural and probable consequences doctrine as it relates to murder (see Stats. 2018, ch. 1015, § 1, subd. (f)), on January 11, 2019, defendant filed a petition for resentencing pursuant to former section 1170.95 (now section 1172.6). (*James II*, *supra*, E074665.) On January 31, 2020, the trial court heard oral argument on defendant's petition. The prosecutor requested the court dismiss the petition, arguing that defendant was convicted of three counts of murder under an implied malice theory, and not based on natural and probable consequences or felony murder and that defendant "was the actual killer." (*James II*, *supra*, E074665.) The trial court dismissed the petition "over the objection of the defense." (*James II*, *supra*, E074665.)

Defendant subsequently appealed from the denial of her petition for resentencing and filed an over 100-page supplemental brief arguing, in part, that the trial court erred in dismissing her petition without issuing an order to show cause, that the court could not rely on this court's prior opinion to establish the facts of this case to prove her ineligibility, and that she received ineffective assistance of counsel during the petition for rehearing.[5] (*James II*, *supra*, E074665.) In a nonpublished opinion filed on October 1,

---

[5] Defendant also rehashed the arguments made in her first appeal, claiming the trial court prejudicially erred in instructing the jury, her due process rights were violated when the felony-murder rule was applied to the charge of manufacturing methamphetamine, and her due process rights were violated due to a lack of notice manufacturing methamphetamine is an inherently dangerous felony.

4

2020, we specifically rejected defendant's contention that the trial court erred in relying on our prior appellate opinion from her direct appeal in finding her ineligible for relief under section 1172.6. (*James II*, *supra*, E074665.) We found that defendant's record of conviction showed she was ineligible for relief as a matter of law, rejected her other contentions, and affirmed the order dismissing defendant's section 1172.6 petition for resentencing. (*James II*, *supra*, E074665.)

On August 31, 2022, defendant filed a new second petition for resentencing pursuant to former section 1170.95.

After appointing counsel, the trial court heard the matter on November 18, 2022. The prosecutor requested the court deny the petition "with prejudice." The prosecutor argued defendant's first petition had been "denied due to her being the actual killer and implied malice, second-degree murder" and summarized the facts as follows: "She [defendant] essentially was cooking meth in her trailer, or house, and a fire broke out, killing three of her children." Defense counsel objected "for the record." The court denied the petition, finding "defendant was the actual killer based upon the documentation in the record as cited by counsel." Defendant timely appealed.

III.

DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the procedural background and potential issue of

5

whether the trial court erred in relying on our prior appellate opinion from the direct appeal for more than the procedural history to find defendant was the actual killer in denying defendant relief under section 1172.6, and requesting this court exercise our discretion to independently review the record to determine whether there are any arguable issues on appeal pursuant to *Delgadillo*, *supra*, 14 Cal.5th 216.

We offered defendant an opportunity to file a personal supplemental brief, and she has done so. In her supplemental brief, defendant contends (1) the law of the case does not bar her appeal based on this court's prior determination of issues in *James I*; (2) collateral estoppel does not apply due to intervening law, perjury of trial witnesses, suppression of evidence, and other factors undermining the integrity of her murder convictions; (3) the determination that manufacturing methamphetamine as an inherently dangerous felony is contrary to the method for evaluation of felonies in the abstract; (4) her felony-murder prosecution and inherently dangerous felony jury instruction prejudiced the jury's finding of implied malice and deprived her the right to manslaughter instructions consistent with the trial evidence; (5) the prosecution offered false and perjured testimony to the jury at trial; (6) she was denied a fair trial due to prosecutorial suppression of evidence of the cause of the fire; (7) it is improper for the court to rely on the appellate decision to determine the facts of the case and evidence presented at trial; (8) this court's determination that she was the actual killer in her prior section 1172.6 appeal (*James II*) was not supported by the law or the record of conviction; and (9) the

6

*James I* opinion upholding the jury's implied malice determination is premised on facts not in evidence.

A. *Legal Background*

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

In *Delgadillo*, *supra*, 14 Cal.5th 216, the Supreme Court held that the *Wende* independent review procedure is not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo*, *supra*, at pp. 222, 224-226.) The court further found that general due process principles regarding fundamental fairness does not compel a *Wende* independent review of the order. (*Id*. at pp. 229-232.) However, the court explained that if a no-issues brief is filed in a section 1172.6 appeal and the defendant then "files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, at p. 232.) We are not required to conduct "an independent review of the entire record to identify unraised issues" but may do so at our discretion. (*Ibid*. ["While it is wholly

7

within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal."])

Senate Bill No. 1437 limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder to ensure a person's sentence is proportionate with his or her individual criminal culpability. (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 971 (*Lewis*).)  The bill added subdivision (a)(3) to section 188, which states that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3); see *People v. Strong* (2022) 13 Cal.5th 698, 707-708; *People v. Harden* (2022) 81 Cal.App.5th 45, 50-51.)  Section 189, subdivision (e), now limits the circumstances under which a person may be convicted of first degree felony murder:  "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2."  (Stats. 2018, ch. 1015, § 3.)  These amendments, however, maintained the viability of murder convictions based on implied malice, and the definition of implied malice remains unchanged.  (*People v. Clements* (2022) 75

Cal.App.5th 276, 298.) "Second degree implied malice murder . . . is not based on a theory of imputed malice." (*People v. Schell* (2022) 84 Cal.App.5th 437, 444.)

The Legislature also created a procedure for offenders previously convicted of first degree felony murder or murder under the natural and probable consequences doctrine to seek retroactive relief if they could no longer be convicted of murder under the new law. (§ 1172.6, subd. (a); *Lewis*, *supra*, 11 Cal.5th at p. 959; *People v. Strong*, *supra*, 13 Cal.5th at p. 708.) "[T]he process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to . . . [s]ection 188 or 189 made effective January 1, 2019 . . . .'" (*People v. Strong*, *supra*, at p. 708.) "When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Ibid.*)

The prima facie determination under section 1172.6 is a question of law, and the trial court may deny a petition at the prima facie stage if the petitioner is ineligible for resentencing as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at p. 966.) In determining whether a petitioner made a prima facie case for relief, the court may review the record of conviction. (*Id*. at pp. 971-972, fn. 6.) The record of conviction allows the court "to distinguish petitions with potential merit from those that are clearly meritless. This is

9

consistent with the statute's overall purpose: to ensure that . . . culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*Id*. at p. 971.) The record of conviction includes the parties' closing arguments, the verdict and jury instructions. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 13; *People v. Ervin* (2021) 72 Cal.App.5th 90, 106; *People v. Jenkins* (2021) 70 Cal.App.5th 924, 935.) A trial court's failure to follow the procedures enacted in section 1172.6 is analyzed for prejudice under the state law standard of *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Lewis*, *supra*, at pp. 973-974.)

B. *Analysis*

In her supplemental brief, defendant raises numerous contentions that were already raised and rejected on appeal in *James I* and *James II*. Under the doctrine of law of the case, a party may not seek appellate reconsideration of an already decided issue in the same case absent some significant change in circumstances. (*People v. Boyer* (2006) 38 Cal.4th 412, 441, superseded by statute on another ground.) We find no compelling change in circumstances here that would justify reconsidering such issues. (*People v. Boyer*, *supra*, at p. 441.) Furthermore, defendant may not use the procedures set forth in section 1172.6 to relitigate her conviction or the underlying trial.

Moreover, as we had previously explained in *James II*, defendant's record of conviction clearly shows that she is categorically ineligible for relief. Defendant was convicted of murder because, while she was manufacturing methamphetamine, a lab

10

chemical caught her home on fire and three of her children died in the blaze. (*James I*, *supra*, 62 Cal.App.4th at p. 250.) In convicting her, "the jury expressly based each of the murder verdicts on both implied malice and second degree felony murder." (*Ibid.*) In her direct appeal, we concluded "there was sufficient evidence that defendant performed an act, the natural consequences of which were dangerous to life, with the knowledge that her act endangered the life of others, and with conscious disregard for human life, to support the jury's finding that she acted with implied malice." (*James I*, *supra*, at p. 280.) Implied malice remains a valid theory of second degree murder even after the changes to the law that section 1172.6 implements. (*People v. Reyes* (2023) 14 Cal.5th 981, 988-991.) That is enough to require a court to deny a petitioner's petition. The trial court, therefore, correctly did so here.

We need not address the alternative felony-murder theory because it would not affect her convictions even if, as at least one case has stated in dicta, "the second degree felony-murder rule in California is eliminated." (*In re White* (2019) 34 Cal.App.5th 933, 937, fn. 2.) The trial court analyzed the matter under the current law that applies to a first degree felony murder conviction under section 189, subdivision (e)(1). First degree felony murder is a killing during one of a short list of crimes found in section 189, subdivision (a), while second-degree felony murder is a killing during certain unlisted crimes.

The trial court correctly denied defendant's second section 1172.6 petition for resentencing.

11

## IV.

## DISPOSITION

The order denying defendant's second section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

Acting P. J.

We concur:

RAPHAEL

        J.

MENETREZ

        J.